IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Vicki A., <br><br> *Plaintiff*, <br><br> v. <br><br> Frank J. Bisignano, <br> Commissioner of Social Security, <br><br> *Defendant*. | Case No. 3:24-cv-50192 <br><br> Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vicki A. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her applications for disability insurance benefits and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

In February 2022, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income alleging a disability beginning on November 22, 2019 because of vertigo, asthma, anxiety, depression, acid reflux, restless leg syndrome, agoraphobia, diabetes, hypothyroidism, high cholesterol, hernia, obesity, and high blood pressure. Dkts. 137, 321, 284–85. Plaintiff was 53 years old on her alleged onset date. Plaintiff's date last insured was December 31, 2021. Dkt. 15.

Following a hearing, an administrative law judge ("ALJ") issued a decision in August 2023, finding that Plaintiff was not disabled. R. 15–25. The ALJ found that Plaintiff had the following severe impairments: post-traumatic stress disorder, anxiety, and depression. The ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: "understand, remember and carryout simple, routine instructions and use judgment limited to simple work-related decisions." R. 20. The ALJ determined that Plaintiff could perform her past relevant work as a storage facility rental clerk and hand packager.

On March 18, 2024, the Appeals Council denied Plaintiff's request for review. R. 1. Plaintiff then filed the instant action seeking judicial review of the ALJ's decision. Dkts. 1, 7.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 9.

1

**STANDARD OF REVIEW**

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

**DISCUSSION**

Plaintiff challenges the ALJ's decision, arguing that: (1) this Court should apply the updated regulation when evaluating her past relevant work; (2) the ALJ failed to account for her moderate limitations in concentration, persistence, or pace in the RFC; and (3) the ALJ improperly evaluated her subjective symptoms. As discussed below, the Court finds that the ALJ's decision is supported by substantial evidence.

**I. Past Relevant Work**

Plaintiff argues that the ALJ's finding that she could perform her past relevant work cannot stand because she has no past relevant work under an updated regulation that went into effect after the ALJ's decision. As Plaintiff points out, almost a year after the ALJ's decision in this case, the Social Security Administration rescinded its Rulings that defined past relevant work as occurring in the past 15 years. Effective June 22, 2024, Social Security Ruling 24-2p, and the corresponding regulation, defined past relevant work as work done within the past 5 years. *See also* 20 C.F.R. § 404.1560(b)(1).

Plaintiff acknowledges that the Social Security Administration has instructed courts to:

review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the applicable date of this SSR, we will apply this

SSR to the entire period at issue in the decision we make after the court's remand.

SSR 24-2p n.1.

Despite the ALJ denying her claims in August 2023, Plaintiff argues that this Court should apply the current five-year timeframe to evaluate her past relevant work and either award benefits or remand for further consideration of steps four and five of the sequential evaluation process. Plaintiff claims that because the Social Security Administration provided good reasons for limiting past relevant work to only work done within the past 5 years, the directive to use the outdated fifteen-year timeframe to evaluate Plaintiff's past relevant work "is not a best or correct interpretation of the Social Security Act" and its remedial purpose. Pl.'s Mot. at 4–5, Dkt. 13. In support, Plaintiff cites the Supreme Court opinion in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), to argue that "Agencies no longer have the same deference as previously accorded with statutory interpretation." Pl.'s Mot. at 5, Dkt. 13.

Plaintiff's argument is misplaced because *Loper Bright* is inapplicable. *Loper Bright*, which overruled the doctrine of *Chevron* deference, held that under the Administrative Procedure Act courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright*, 603 U.S. at 413. But Plaintiff is not relying on an agency's interpretation of an ambiguous statute or otherwise asking this Court to exercise its "independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright*, 603 U.S. at 412. Instead, Plaintiff points to a Social Security Ruling to argue that the "Agency's interpretation that this Court should adhere to outdated time frames and should uphold the denial of benefits to [Plaintiff] under those obsolete standards even though the Agency today would have found her disabled is not a reasonable or correct interpretation of the Social Security Act." Pl.'s Mot. at 5, Dkt. 13.

Yet, Social Security Ruling 24-2p is the Social Security Administration's interpretation of its own regulation defining past relevant work, namely 20 C.F.R. § 404.1560(b)(1). Despite Plaintiff's argument to the contrary, this Ruling is not an interpretation of the Social Security Act requiring *Chevron* deference. There is no need to defer to any agency interpretation of the Social Security Act where it explicitly provides the Commissioner with the authority to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence. . . in order to establish the right to benefits hereunder." 42 U.S.C. § 405(a). And Plaintiff does not argue that the Commissioner exceeded this statutory authority in adopting Social Security Ruling 24-2p or the corresponding regulation.

Moreover, Plaintiff's argument that the new regulation should have retroactive application given the general remedial nature of the Social Security Act is unsupported. Plaintiff points to nothing in the Social Security Act, the Ruling, or the regulation that suggests the updated regulation should be applied retroactively. Social Security Ruling 24-2p is clear that when evaluating past relevant work under the regulations, courts are to apply the rules in effect at the time the ALJ's decision was issued. "As a general rule, [r]etroactivity is not favored in the law." *Velasquez-Garcia v. Holder*, 760 F.3d 571, 579 (7th Cir. 2014) (quoting *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)) (citation modified). "Given the Agency's own ruling, the Court lacks authority to substitute its judgment for that of the Agency and cannot apply SSR 24-

2p retroactively." *Shilts v. Comm'r of Soc. Sec.*, No. 3:24-CV-368 JD, 2025 WL 2013577, at *4 (N.D. Ind. July 17, 2025) (citing *Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) ("[A] rule changing the law is retroactively applied to events prior to its promulgation only if, at the very least, Congress expressly authorized retroactive rulemaking and the agency clearly intended that the rule have retroactive effect.")).

In her reply, Plaintiff relies on *Kimberly C. v. Comm'r of Soc. Sec. Admin.*, No. 2:23-CV-01469, 2024 WL 4052181 (S.D. Ohio Sept. 5, 2024) as a case that "chose to apply the new, 5-year lookback period, as Plaintiff now advances." Pl.'s Reply at 3, Dkt. 21. But *Kimberly* did not find that Social Security Ruling 24-2p applies retroactively or that it alone required a remand. *Kimberly* remanded for reasons unrelated to the 5-year lookback period. It was only in the court's instructions on remand that it stated the new regulation defining past relevant work should be applied, as Social Security Ruling 24-2p itself instructs. *See Kimberly C.*, 2024 WL 4052181, at *11. For all these reasons, Plaintiff has not shown that the current five-year timeframe for evaluating past relevant work should apply to her claims in this case.

**II. RFC**

Plaintiff also argues that despite finding moderate limitations in concentration, persistence, or pace, the ALJ failed to adequately account for such limitations in the RFC. Plaintiff characterizes the ALJ's RFC determination as "a default limit to simple and routine work with simple decisions," and faults the ALJ for failing to explain why additional limitations were not required to accommodate Plaintiff being "off task at some points during the day." Pl.'s Mot. at 5–6, Dkt. 13.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Consistent with the opinions of the state agency reviewing psychologists, the ALJ concluded that Plaintiff was moderately limited in her ability to concentrate, persist, or maintain pace. R. 19, 22, 140, 158. The ALJ relied on examinations from Plaintiff's treating psychiatrist Dr. Dara Ruiz between 2022 and 2023 that Plaintiff was routinely calm and cooperative with an okay or depressed mood, intact memory and fund of knowledge, and good judgment and insight. R. 19. The ALJ considered the consultative examiner's observations from 2021 that Plaintiff maintained the ability to perform simple calculations with logical and coherent thoughts. R. 19. The ALJ also considered the consultative examiner's observations from 2018 that Plaintiff had "slightly impaired" attention and concentration with simplified but intact thinking, comprehension, and classification. R. 19 (citing R. 439).

Based on her evaluation of the record, the ALJ accounted for Plaintiff's moderate limitation

4

in concentrating, persisting, or maintaining pace by limiting Plaintiff to understanding, remembering, and carrying out "simple, routine instructions and use judgment limited to simple work-related decisions." R. 20. In determining this RFC, the ALJ adopted the state agency psychologists' opinions that although Plaintiff had understanding and memory limitations, she could "understand and remember simple and routine work tasks." R. 141–42, 160. The ALJ also adopted their opinions that Plaintiff could "focus for work activity of a simple and routine nature" despite her concentration and persistence limitations. R. 142, 161. The ALJ also relied on numerous reports from Dr. Ruiz between 2022 and 2023 that Plaintiff's symptoms were "controlled" with medication and that her depression was in "partial remission." R. 21–22 (citing R. 473–77, 681–84).

In her opening brief, Plaintiff does not challenge the ALJ's evaluation of the opinion evidence or the ALJ's reliance on the state agency psychologists' opinions to support the RFC. *See* Pl.'s Mot. at 5–7, Dkt. 13. Plaintiff also does not argue that the ALJ's recitation of the evidence outlined above was overstated or inaccurate. Instead, Plaintiff faults the ALJ for relying on cherry-picked mental status examination findings and failing to explain how Plaintiff could remain on task despite her moderate deficits in attention and concentration. In support, Plaintiff points to evidence that the ALJ allegedly overlooked, including reports of impaired memory, limited insight, anxiety attacks, thoughts of suicide, racing or ruminative thoughts, difficulty concentrating or frequent distractibility, flashbacks, and hypervigilance. Pl.'s Mot. at 6, Dkt. 13.

But as the Commissioner points out, the ALJ did not ignore this line of evidence as Plaintiff suggests. The ALJ acknowledged many of the subject reports and abnormal examination findings that Plaintiff points to but ultimately discounted this evidence against the normal mental status findings in the record, some of which are included in the same records cited by Plaintiff. *See* R. 21–23. For example, within the same treatment notes Plaintiff cites in support of racing or ruminative thoughts, Dr. Ruiz reported that Plaintiff's symptoms were "controlled" and that she was at "baseline" with her major depressive disorder in "partial remission." Pl.'s Mot. at 6, Dkt. 13 (citing R. 473, 476, 479); *see also* R. 474, 477, 480.

The ALJ reasonably weighed the conflicting evidence in the record as she was required to do when determining Plaintiff's RFC. *See Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) ("[A]n ALJ's job is to weigh conflicting evidence.") (unpublished); 20 C.F.R. § 404.1520b (describing how the ALJ considers inconsistent evidence); 20 C.F.R. § 404.1546(c). The ALJ reasonably determined that the abnormal findings and Plaintiff's self-reports did not support additional attention and concentration limitations in the RFC. Plaintiff's argument amounts to a disagreement with how the ALJ weighed the evidence in an attempt to reweigh the evidence on appeal, which this Court cannot do. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Moreover, Plaintiff fails to explain how the evidence she cites supports any additional functional limitations. Plaintiff merely concludes that her deficits in attention and concentration would cause her to "be off task at some points during the day." Pl.'s Mot. at 6, Dkt. 13. *See Richards v. Berryhill*, 743 F. App'x 26, 30 (7th Cir. 2018) (unpublished) ("[P]ointing to various diagnoses and complaints and saying that they might hinder [the claimant] is insufficient to establish the existence of a functional limitation."). The state agency reviewing psychologists had nearly all the evidence Plaintiff relies on when rendering their opinions, yet they did not find any

5

additional limitations necessary. Nevertheless, Plaintiff argues in her reply that the state agency psychologists' opinions fail to support the RFC for two reasons.

First, Plaintiff argues that the state agency psychologists' opinions cannot support the RFC because "the ALJ only found this evidence 'somewhat persuasive.'" Pl.'s Reply at 10, Dkt. 21. The ALJ did find the state agency psychologists' opinions only "somewhat persuasive," but in doing so fully adopted their opinions as it related to Plaintiff's attention and concentration deficits as outlined above. The ALJ was not required to adopt the entirety of state agency psychologists' opinions to be able to support the RFC with substantial evidence. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians."). "The ALJ needed only to include limitations in his RFC determination that were supported by the medical evidence and that the ALJ found to be credible." *Outlaw v. Astrue*, 412 F. App'x 894, 898 (7th Cir. 2011) (unpublished).

Next, Plaintiff argues that the state agency psychologists' opinions cannot support the RFC because their narrative opinions adopted in the RFC fail to properly account for Plaintiff's moderate limitation in maintaining "attention and concentration for extended periods." Pl.'s Reply at 10, Dkt. 21 (citing R. 142, 161). As Plaintiff points out, the Seventh Circuit has "repeatedly cautioned that someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be." Pl.'s Mot. at 7, Dkt. 13 (citing *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) (citation modified)). But here, the ALJ did not merely adopt the state agency psychologists' narrative limitations while ignoring their underlying findings relating to attention and concentration. The state agency psychologists determined that despite Plaintiff's limits in maintaining attention and concentration, "[s]he can focus for work activity of a simple and routine nature." R. 142, 161. This is further supported by their finding that Plaintiff was not significantly limited in her ability to "perform activities within a schedule" and "complete a normal workday and workweek without interruptions from psychologically based symptoms." R. 142, 161. Plaintiff has not shown any inconsistency between the state agency psychologists' narrative opinions and their underlying findings. The ALJ said enough to ensure that she considered the totality of Plaintiff's limitations when formulating the RFC. Therefore, Plaintiff has failed to show that the ALJ's RFC determination warrants a remand.

### III. Subjective Symptoms

Lastly, Plaintiff argues that the ALJ failed to properly analyze her subjective symptoms by improperly relying on limited improvement, failing to support perceived inconsistencies, and erroneously equating Plaintiff's desire to work with an ability to work.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); Social Security Ruling 16-3p, 2017 WL 5180304, at *5–8. "An ALJ need not discuss every detail in the record as it relates to every factor," but "an ALJ may not ignore an entire line of evidence contrary to [their] ruling." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). "As long as an ALJ gives specific reasons supported by the record, [the Court] will not

overturn a credibility determination unless it is patently wrong." *Id.* at 1279. An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all of the ALJ's reasons must be valid in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original).

Here, the ALJ's evaluation of Plaintiff's symptoms was adequately supported with evidence and explanation. While evaluating Plaintiff's subjective symptoms, the ALJ discussed Plaintiff's course of treatment with therapy and medications and her routinely normal mental status examination findings and concluded that Plaintiff's reported symptoms of debilitating anxiety and depression were not entirely consistent with the evidence in the record. Instead, the ALJ credited reports from Dr. Ruiz that Plaintiff's symptoms improved with medication, her symptoms were controlled, and her depression was in "partial remission." R. 21. The ALJ also relied on the mental status examination findings from Dr. Ruiz between 2021 and 2023, reporting that Plaintiff was routinely calm and cooperative with an okay or depressed mood, intact memory and fund of knowledge, and good judgment and insight. R. 19. The ALJ considered the consultative examiner's observations from 2021 that Plaintiff maintained the ability to perform simple calculations with logical and coherent thoughts. R. 19.

In arguing that the ALJ's analysis of her subjective symptoms requires a remand, Plaintiff's argument amounts to nothing more than a request to have the ALJ weigh the factors differently. *See, e.g., Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("Jones must do more than point to a different conclusion that the ALJ could have reached to demonstrate that the credibility determination was patently wrong."). Plaintiff asserts that despite some improvement, she continued to suffer from disabling symptoms. However, in support, Plaintiff relies on much of the same evidence already addressed above. But Plaintiff's lay speculation about the significance of specific mental status examination findings does not establish that the ALJ's subjective symptoms assessment was patently wrong. Again, the ALJ was entitled to weigh the conflicting evidence regarding Plaintiff's improvement to determine whether her subjective complaints were supported by the medical evidence, and if not, discount the degree and severity of the alleged symptoms. *See* 20 C.F.R. § 404.1529(c)(4). As outlined above, the ALJ adequately evaluated Plaintiff's assertions in the context of the medical record and fully explained the basis for finding Plaintiff's allegations "not entirely consistent." R. 21.

Plaintiff similarly takes issue with the ALJ's characterization of her treatment as conservative, faulting the ALJ for not identifying what course of treatment was warranted by the record. But as a general matter, an ALJ is entitled to consider the nature and course of a claimant's treatment in assessing the severity of their symptoms. *See, e.g., Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022) (citing 20 C.F.R. § 404.1529(c)(3)(v)). That is precisely what the ALJ did here when she found that Plaintiff's symptoms were well managed with therapy and medications.

Plaintiff also argues that the ALJ failed to explain why her reports of living with her boyfriend and his daughter, that medications were helping, that she liked camping, that she was a friendly person, that she was able to remain in an emergency room for over six hours waiting for treatment, and that she wanted to return to work undermined her allegations. But Plaintiff has not shown any error requiring a remand. "Even if the ALJ's other reason for discounting [the

7

plaintiff's] testimony . . . was not substantiated by the record, we would not reverse the credibility determination as long as the ALJ provided at least one reason to support the finding." *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) (unpublished). The ALJ's reliance on the objective medical records, including numerous normal mental status examination findings along with the state agency psychologists' opinions, is a valid reason to partially discount Plaintiff's symptoms. Therefore, Plaintiff has not shown that the ALJ's subjective symptoms assessment was patently wrong.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision is denied, and Defendant's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: February 6, 2026          By: _____
                                                           Michael F. Iasparro
                                                            United States Magistrate Judge